# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          No. 19-CR-4446 KWR

HARRISON DAVIS,

      Defendant.

## **DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND MOTION DEADLINES**

Defendant, Harrison Davis, by and through his attorney of record, Sylvia Baiz, Assistant Federal Public Defender, moves the Court to continue the jury trial currently scheduled for March 8, 2021, and to vacate and reschedule all other deadlines and settings in this matter for ninety days. In support of this Motion, Mr. Davis states:

1. On December 13, 2019, Mr. Davis pleaded not guilty to an indictment with Child Endangerment Resulting in Death, in violation of 18 U.S.C. § 1153(b) and N.M. Stat. Ann. § 30-6-1.

2. The Court set this matter for trial on March 8, 2021.

3. Mr. Davis does not oppose this attorney's request to continue his case from the Court's March calendar.

4. Counsel has had a death in the family and had to leave immediately for California. She will be in California preparing for the services and will need to properly quarantine upon her return to New Mexico.

5. Due to the current COVID-19 restrictions that the Navajo Nation have put in place, it has been difficult for counsel to conduct her investigation. It is not safe for Mr. Davis to travel to the Court from the reservation.

6. The Federal Rules of Criminal Procedure and the Speedy Trial Act contemplate the use of pretrial resources in an effort to settle cases without trial. See Federal Rule of Criminal Procedure 11(c) and 18 U.S.C. § 3161(h)(1)(G). In this case, the parties are involved in plea negotiations that could resolve this case to avoid a trial. To require this case to go to trial while plea negotiations are moving forward would be a waste of judicial resources. To require this case to go to trial with the prospect of a settlement to avoid trial is contrary to the public interest and efficient closure of criminal cases. Furthermore, the granting of this motion to continue will preserve valuable judicial resources if the Court does not schedule the jury trial until after the parties have advised the Court that plea negotiations have failed. Therefore, the granting of this motion to continue the trial setting will result in a benefit to both Mr. Davis and the public, which outweighs his and the publics interest in a speedy trial. Understanding this need, the defendant has agreed to waive his right to a speedy trial under 18 U.S.C. § 3161 and he requests that the Court continue the trial of this cause. A failure to grant such continuance would result in a miscarriage of justice. See *United States v. Toombs, 574 F.3d, 1262, 1268 (10th Cir. 2009).*

7. This is Mr. Davis's fifth motion to request continuance of a trial setting.

8. Assistant United States Attorney Frederick T. Mendenhall does not object to the request for a continuance.

WHEREFORE, Defendant respectfully requests that this Court continue the jury trial for ninety (90) days and motions deadline as set forth above.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

 /s/ *Filed electronically on 2/22/21*
SYLVIA BAIZ, AFPD
Attorney for Mr. Davis